IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DELOIS A BANISTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 16 C 10445 |
| v. | ) | |
| | ) | Judge John Z. Lee |
| | ) | |
| SOUTH HOLLAND POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Delois A. Banister ("Plaintiff") brought this action against Defendant South Holland Police Department ("Defendant") under 42 U.S.C. § 1983. She alleges that Defendant violated her constitutional rights by permitting a third party to remove property from her house, which had previously been foreclosed upon and sold. Defendant has moved to dismiss Plaintiff's complaint. For the reasons that follow, Defendant's motion [13] is granted.

## Background

Plaintiff owned a home at 959 E. 166th Street, South Holland, Illinois 60473. Compl. at 4, ECF No. 7. The home, however, was foreclosed upon. *See* Pl.'s Mot. Strike at 1–2, ECF No. 16. On January 25, 2016, an Illinois circuit court entered an "Order Approving Report of Sale and Distribution; Confirming Judicial Sale; and for Possession." Def.'s Mot. Dismiss, Ex. A, ECF No. 13.[1] This order, in pertinent part, instructs that "the holder of the certificate of

---

[1] The Court can take judicial notice of these foreclosure proceedings in reviewing Defendant's motion to dismiss. *Ross-W. v. Bank of N.Y. Mellon Corp.*, 523 F. App'x 395, 396 (7th Cir. 2013) (affirming dismissal of complaint where district court took judicial notice of state court foreclosure proceedings in order to determine the applicability of the *Rooker-Feldman* doctrine); *Byrd v. Homecomings Fin. Network*, 407 F. Supp. 2d 937, 942 (N.D. Ill. 2005).

sale . . . is entitled to and shall have possession of the mortgaged real estate no sooner than 30 days from the entry of this Order." *Id.*, Ex. A, at 3. It further states that "in the event possession is withheld, the Sheriff of Cook County is directed to evict and dispossess, no sooner than 30 days from the entry of this Order[,] [Plaintiff]." *Id.*

On November 1, 2016—well after the state court order took effect—Plaintiff discovered that a third party was removing property from her house. Compl. at 4. She called 911 and Defendant sent officers to her home. *Id.* Although Plaintiff explained to the officers that there was a hearing date scheduled in connection with the state foreclosure proceedings on February 10, 2017, the officers nevertheless permitted the third party to continue. *Id.* Plaintiff thereafter filed a form complaint in federal court alleging that Defendant "failed to intervene to protect plaintiff from violation of plaintiff's civil rights by one or more other defendants" and "conspired together to violate one or more of plaintiff's civil rights." *Id.* at 2.

In her response, Plaintiff clarifies the nature of her claims.[2] She states that the February 10, 2017 hearing date concerned "lack of notice and Due Process under the U.S. Constitution and the Illinois Constitution which did not occur[] in this case." Pl.'s Mot. Strike at 1. She continues:

> Essentially, this is an illegal foreclosure and the remedy and recourse process was not available to Ms. Banister because she was never duly notified of the proceeding against her. She never had the opportunity to file a response or answer, or deal with mediation, or any other remedy that might have avoided this foreclosure and eviction.

---

[2] Plaintiff styled her response as a motion to strike, but the Court construed the motion as a timely filed response. Order of Jan. 27, 2017, ECF No. 18. The representations in Plaintiff's response are consistent with and merely elaborate on her complaint, and they are therefore properly considered by the Court in deciding Defendant's motion to dismiss. *Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, 353–54 (7th Cir. 2017).

*Id.* at 1–2. She claims that Defendant's actions "aided and abet[ted] the entities" that denied her due process through the foreclosure proceedings. *Id.* at 2.[3]

**Legal Standard**

Defendant has moved to dismiss Plaintiff's complaint under Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6). Under Rule 12(b)(1), a defendant may move to dismiss claims over which the federal court lacks subject matter jurisdiction. Jurisdiction—*i.e.*, the power to decide—must be conferred upon a federal court. *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995). In ruling on a Rule 12(b)(1) motion, the Court must accept as true all well-pleaded facts and may look beyond the jurisdictional allegations to whatever evidence is submitted on the issue of subject-matter jurisdiction. *See St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007).

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cty. of Boone*, 483 F.3d 454, 457 (7th Cir. 2007). Under federal notice pleading standards, "[a] plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotation marks omitted); *see also* Fed R. Civ. P. 8(a)(2). When considering a motion to dismiss under Rule 12(b)(6), the Court must "accept[ ] as true all well-pleaded facts alleged, and draw[ ] all possible inference in [the plaintiff's] favor." *Tamayo*, 526 F.3d at 1081.

Additionally, to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

---

[3] Plaintiff later states that her suit concerns "why [Defendant's officers] acted in the manner that they did," but the basis of her objection to their conduct is that "they had no legal standing" to permit a third party to remove her property and thus were complicit in the state court's judgment, which she objects to on due process grounds. *Id.* at 3.

3

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For a claim to be facially plausible, the plaintiff must plead facts allowing the court to draw the reasonable inference that the defendant is liable for the misconduct alleged in the complaint. *Id.* Accordingly, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Id.* Finally, the plausibility standard is not akin to a probability requirement but, rather, asks for more than a sheer possibility that the defendant acted unlawfully. *Id.*

The Court is mindful that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, while the Court gives liberal construction to a *pro se* plaintiff's complaint, "it is also well established that *pro se* litigants are not excused from compliance with procedural rules." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008).

## **Analysis**

Defendant advances two primary bases on which it seeks to dismiss Plaintiff's complaint. First, it contends that the South Holland Police Department is not a suable entity. Whether a local governmental entity can be liable under § 1983 depends on state law. *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Under Illinois law, an entity must have a separate legal existence in order to be sued. *Richardson v. Cty. of Cook*, 621 N.E.2d 114, 116–17 (Ill. App. Ct. 1993). Municipal police departments that do not have an existence independent of the municipality they serve are therefore not suable entities. *See, e.g.*, *Lewis v. Joliet Police Dep't*, 2017 WL 1360777, at *1 n.1 (7th Cir. Apr. 14, 2017) ("[T]he Joliet Police Department[] is not a suable entity."); *Courtney v. City of Chi.*, 439 F. App'x 557, 558 & n.1 (7th Cir. 2011)

4

(observing that "the Chicago Police Department is not a suable entity" and "a police department is not a suable entity in Illinois"); *Karney v. City of Naperville*, No. 15 C 4608, 2015 WL 6407759, at *1 (N.D. Ill. Oct. 22, 2015) ("The Naperville Police Department is not a suable entity, but merely a department of the City of Naperville which does not have a separate legal existence."). The Court sees no reason to treat the South Holland Police Department differently. South Holland Police Department, Village of South Holland, http://www.southholland.org/departments/police-department/ (last visited Apr. 24, 2017) (listing the South Holland Police Department as a department of the Village of South Holland).[4] Defendant maintains that the South Holland Police Department does not enjoy a separate legal existence from the Village of South Holland, Mot. Dismiss at 3–4, and Plaintiff does not contest this assertion in her response, Pl.'s Mot. Strike at 2. The Court concludes, therefore, that the South Holland Police Department is not a legal entity separate from the Village of South Holland and is not a proper defendant.

Defendant further asserts that, even if the South Holland Police Department were a proper defendant, Plaintiff's action would be barred by the *Rooker-Feldman* doctrine. This doctrine "'precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . no matter how erroneous or unconstitutional the state court judgment may be.'" *Kelley v. Med-1 Sols., LLC*, 548 F.3d 600, 603 (7th Cir. 2008) (alteration in original) (quoting *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002)). "A state litigant seeking review of a state court judgment must follow the appellate process through the state court system and then directly to the United States Supreme Court," *id.*, because "no matter how wrong a state court judgment

---

[4] The Court properly takes judicial notice of the Village's website. *LaBella Winnetka, Inc. v. Vill. of Winnetka*, 628 F.3d 937, 944 (7th Cir. 2010).

may be under federal law, only the Supreme Court of the United States has jurisdiction to review it," *Sykes v. Cook Cty. Circuit Court Prob. Div.*, 837 F.3d 736, 742 (7th Cir. 2016).[5]

Importantly, *Rooker-Feldman* also bars claims "inextricably intertwined with a state court judgment." *Sykes*, 837 F.3d at 742. To determine whether a claim is "inextricably intertwined" with a state court judgment, a court asks "whether the federal claim alleges that the injury was caused by the state court judgment, or alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy." *Id.* To that end, "when as in this case the injury is executed through a court order, there is no conceivable way to redress the wrong without overturning the order of a state court." *Id.* at 743.

Even if a litigant's claims are inextricably intertwined with a state court judgment, *Rooker-Feldman* applies "only if [the litigant] had a reasonable opportunity to raise the issues in state court proceedings." *Jakupovic v. Curran*, 850 F.3d 898, 904 (7th Cir. 2017). "The 'reasonable opportunity' inquiry focuses not on ripeness, but on difficulties caused by 'factor[s] independent of the actions of the opposing part[ies] that precluded' a plaintiff from bringing federal claims in state court, such as state court rules or procedures." *Taylor v. Fed. Nat'l Mortg.*

---

[5] In her response, Plaintiff represents that her "case is still pending" in state court, referencing the February 10, 2017 court date. Pl.'s Mot. Strike at 2. The court docket pertaining to the foreclosure proceedings, however, reveals no such court date. Case Information for Case Number 2015-CH-04871, Cook County Clerk of the Circuit Court Electronic Docket Search, https://courtlink.lexisnexis.com/cookcounty/FindDock.aspx?NCase=2015-CH-04871&SearchType=0&Database=3&case_no=&PLtype=1&sname=&CDate= (last visited June 29, 2017). In any case, under Illinois law, an order confirming the sale of a property in foreclosure "operates as the final and appealable order in a foreclosure case." *EMC Mortg. Corp. v. Kemp*, 982 N.E.2d 152, 154 (Ill. 2012).

*Ass'n*, 374 F.3d 529, 534–35 (7th Cir. 2004) (alterations in original) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 558 (7th Cir. 1999)).[6]

*Rooker-Feldman* has been frequently applied to claims stemming from a state's foreclosure judgment. *E.g.*, *Sheikhani v. Wells Fargo Bank*, 526 F. App'x 705, 706 (7th Cir. 2013) (barring a claim under *Rooker-Feldman* where the injury claimed was "the loss of [a] house to foreclosure," which "flow[ed] from the foreclosure judgment itself"); *Wallis v. Fifth Third Bank*, 443 F. App'x 202, 204 (7th Cir. 2011) (holding that a plaintiff's conspiracy contentions stemming from "disagreement with [a state court's] foreclosure judgment" asked the court to "review and reject rulings the state court made against [plaintiff] in the foreclosure suit," and that "the *Rooker-Feldman* doctrine block[ed] a federal district court from entertaining those contentions"); *Sappington v. Deutsche Bank Nat'l Trust Co.*, No. 15 C 6039, 2016 WL 3406403, at *3 (N.D. Ill. June 21, 2016) (observing that "[f]ederal courts consistently dismiss complaints like Plaintiff's seeking to challenge a state court judgment of foreclosure and sale," and collecting cases). Merely raising due process challenges to the state proceedings or casting a federal complaint as a civil rights action does not remove a claim from *Rooker-Feldman*. *Taylor*, 374 F.3d at 534 (collecting cases).

---

[6] In dicta, the Seventh Circuit has cast doubt on the "reasonable opportunity" exception as it might apply here:

> [T]he Supreme Court definitively concluded in [*Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005),] that lower federal courts do not have subject matter jurisdiction in cases in which the plaintiff complains of an injury that cannot be separated from the state court judgment. In those cases, regardless of the opportunity that he or she had to raise a claim in state court, the litigant must appeal through the state court system and then seek review in the United States Supreme Court by filing a writ of certiorari. The "reasonable opportunity" exception was developed during a time when federal courts applied *Rooker-Feldman* much more expansively. Post-*Exxon Mobil*, the "reasonable opportunity" exception to the *Rooker-Feldman* doctrine is of questionable viability.

*Kelley*, 548 F.3d at 607.

7

Here, Plaintiff's claims against Defendant arise inextricably from the state foreclosure judgment. Plaintiff admits as much in her response, where she states that she was given improper notice of the foreclosure proceedings. Pl.'s Mot. Strike at 2. Defendant's connection to this case arises solely from its officers' inaction in permitting a third party to remove Plaintiff's property from her house pursuant to the state court's order of foreclosure and sale. Because Plaintiff challenges the propriety of the state court's order, she asserts that Defendant did not have "legal standing" to permit removal to occur. *Id.* at 3. The injuries Plaintiff complains of—including "financial loss" and "displacement," Compl. at 4—were caused by the state court order, rather than some prior, independent source. The Court cannot redress these injuries without overturning the state court's order. *Riddle v. Deutsche Bank Nat'l Trust Co.*, 599 F. App'x 598, 600 (7th Cir. 2015) ("[Plaintiff claims] he was injured when the conspirators deprived him of due process and violated state law by foreclosing on his house knowing that service of process was defective. Yet it was the state-court judgment that *authorized* the foreclosure and subsequent sale of [plaintiff's] house. [Plaintiff's] federal lawsuit is thus an attack on that judgment and is barred by the *Rooker-Feldman* doctrine."); *Holt v. Lake Cty. Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005) ("[A]bsent the state court's judgment evicting him from his property, [plaintiff] would not have the injury he now seeks to redress.").

Nor is there any indication that Plaintiff lacked a reasonable opportunity to pursue her claims in state court such that *Rooker-Feldman* cannot apply. While Plaintiff maintains that she was not duly notified of the proceeding against her, and thus could not respond or answer, she does not present any basis from which the Court can conclude that she could not have raised lack of service or notice before the state circuit court in challenging the foreclosure judgment or on appeal within the state court system following the order approving sale. Thus, the Court cannot

8

conclude that she lacked a reasonable opportunity to pursue her challenge to the state foreclosure order in state court. 735 Ill. Comp. Stat. 5/15-1508 (outlining procedures for objecting to a foreclosure judgment and sale on the basis of lack of notice); *EMC Mortg. Corp.*, 982 N.E.2d at 154 (describing "the order confirming the sale" as "the final and appealable order in a foreclosure case"); *see Taylor*, 374 F.3d at 535 (affirming a district court's dismissal of a claim that a state foreclosure judgment was procured by fraud where the plaintiff had not made the court "aware of any state laws, state court procedures, or other impediments that would stand in the way of her bringing her claims in state court proceedings"); *Nationscredit Home Equity Servs. Corp. v. City of Chi.*, 135 F. Supp. 2d 905, 912–13 (N.D. Ill. 2001) ("At best, plaintiff might show that . . . defendant's alleged failure to serve plaintiff with proper notice [ ] prevented plaintiff from presenting its federal claim in the circuit court proceeding. This is not enough to establish the 'reasonable opportunity' exception to the *Rooker-Feldman* doctrine.").

Because the *Rooker-Feldman* doctrine applies, the Court lacks jurisdiction over Plaintiff's claims.

## Conclusion

For the foregoing reasons, Defendant's motion to dismiss [13] is granted. Plaintiff's complaint is dismissed without prejudice. *Jakupovic*, 850 F.3d at 904 (explaining that dismissal under the *Rooker-Feldman* doctrine should be without prejudice, barring refiling in federal court but permitting review of the underlying claims in state court to the extent permitted by state law). Moreover, if Plaintiff wishes to file an amended complaint naming a proper defendant and raising claims not barred under *Rooker-Feldman*, she is given leave to do so by July 21, 2017.

**IT IS SO ORDERED.**           **ENTERED: 6/29/17**

_____
**JOHN Z. LEE**
**United States District Judge**